UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARREN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0024 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening and finds that there are several problems with the complaint, most notably:

1. Plaintiff asserts several different claims against several different defendants. In general, a plaintiff may assert as many claims as he likes against a particular defendant. Claims against other defendants, however, must be related to a claim against first as described in Federal Rule of Civil Procedure 20(a)(2). For example, if a claim against a second defendant arose out of the same incident as a claim against the first, the claim against the second defendant may be included in the complaint.

2. Plaintiff's complaint is too long. Federal Rule of Civil Procedure 8(a)(2) requires that complaints generally be "short and plain." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

3. Plaintiff identifies several persons as defendants without adequately identifying how they took action amounting to a violation of plaintiff's civil rights. For example, plaintiff identifies certain persons as defendants because they denied inmate grievances. Generally speaking, however, an inmate has no freestanding constitutional right to a prison or jail grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003). Additional, while plaintiff may have suffered injury which may amount to a violation, plaintiff identifies defendants not adequately linked to the injury. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

For these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

/////

If plaintiff chooses to amend, plaintiff must adhere to Federal Rule of Civil Procedure 20(a)(2) with respect to proper joinder of defendants. Rather than improperly joining defendants in this action, plaintiff must bring multiple lawsuits. Also, the amended complaint cannot exceed 20 pages. Finally, plaintiff should omit any defendant if plaintiff cannot point to facts suggesting a connection between the actions of that defendant and a deprivation of rights.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 3, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1 corr0024.14