UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARREN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0024 TLN CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On May 8, 2019, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a) and found that plaintiff could proceed on two claims arising under the First Amendment. The remaining defendants, Berlier, Bouldin, Woodman and Melgarejo, have filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Review is generally limited to the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Of course, the court "draw[s] on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

An exception to the rule that review is generally limited to the contents of the complaint is that the court can consider judicially noticed facts pursuant to Rule 201 of the Federal Rules of Civil Procedure. A fact which can be judicially noticed is a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

1. Computer Printouts

In his second amended complaint, plaintiff asserts that on September 5, 2017, while housed at the Glenn County Jail, he was informed that mail addressed to him was returned to the sender by defendant Berlier because the mail included printouts from a computer.[1] Plaintiff alleges that the jail policy of not permitting inmates to possess computer printouts was initiated by Lt. Bouldin.[2]

In Procunier v. Martinez, 416 U.S. 396, 408–409 (1974), the Supreme Court held that "[t]he addressee as well as the sender of direct personal correspondence derives from the First and Fourteenth Amendments a protection against unjustified governmental interference with the intended communication." With respect to prisoner mail, any interference must be "reasonably related to legitimate penological needs." Thornburgh v. Abbott, 490 U.S. 401, 413 (1989).

////

---

[1] Defendants assert in their motion that the "printouts" were "outlines of pictures that could be used for tattoos." However, this is not an allegation made by plaintiff in his second amended complaint and defendants provide no basis for the court to assume this as fact for purposes of their motion.

[2] Attached to defendants' motion is a request that the court take judicial notice of a document counsel identifies as a copy of the "Glenn County Sheriff's Office Corrections Division, Jail Information Handbook" dated March 1, 2018. However, this document is not something the court can judicially notice; the court takes judicial notice of facts. Assuming that the defendants are requesting that the court judicially notice that certain passages from the "Handbook" are, in fact, policies of the Glenn County Jail, that request is denied as the copy of the "Handbook" provided is not a "source[] whose accuracy cannot be reasonably questioned." Examples of facts a court might judicially notice include the fact that a particular document was filed in another case filed in the court, see U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); and contents of a document referenced in a complaint whose authenticity is not questioned by either party, Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

Nothing in plaintiff's second amended complaint suggests that any legitimate penological interest, such as correctional safety, is furthered by a blanket ban on all computer printouts. This being the case, defendants' motion to dismiss should be denied with respect to plaintiff's claim that he was denied correspondence simply because it included such material. In a motion for summary judgment, defendants are free to point to evidence indicating that a blanket ban is reasonably related to legitimate penological needs, or to evidence indicating that the material which was returned is not protected under the First Amendment.[3]

2. Spiral Binding

Plaintiff also claims that on December 4, 2017, he was informed by defendant Woodman that he had received mail from the United States District Court for the Northern District of California. However, Woodman told plaintiff that plaintiff would not be permitted to possess the material which was received because it had a "spiral binding." Woodman told plaintiff the material would be placed with plaintiff's property. On December 6, 2017, plaintiff received written notice from defendant Melgarejo that the mail from the Northern District was rejected by defendant LT. Bouldin because it had a spiral binding. At that point, the mail was returned to the Northern District.

The court understands that jail officials have a legitimate safety concern with inmates possessing material with stiff metal spiral binding. But, the court questions whether a blanket ban on all spiral binding, including more malleable plastic, could serve a valid purpose. Further, banning the material with the spiral binding altogether, rather than removing the binding and allowing the inmate to possess what remains, appears to be an overreaction. In any case, nothing in plaintiff's second amended complaint suggests that any legitimate penological interest, such as

---

[3] In order to determine whether a regulation concerning the restriction of mail is "reasonably related to legitimate penological needs" upon a motion for summary judgment, the court considers: (1) whether there is a valid, rational connection between official action and the legitimate government interest put forth to justify it; (2) whether an alternative means of exercising the right to send and receive mail remains open to the inmate; (3) what impact accommodation of the inmate's right will have on guards, other inmates, and the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives to the action taken. Nordstrom v. Ryan, 856 F.3d 1265, 1272) (9th Cir. 2017).

correctional safety, is furthered by a blanket ban on all material with spiral bindings.

3. <u>Qualified Immunity</u>

Finally, defendants argue plaintiff's remaining claims are barred by the "qualified immunity" doctrine. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Jeffers v. Gomez</u>, 267 F.3d 895, 910 (9th Cir. 2001) quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

As indicated above, plaintiff has a clearly established right to receive mail while incarcerated and any limitation on the material plaintiff can receive must be "reasonably related to legitimate penological needs." This right was clearly established at the time plaintiff alleges his First Amendment rights were violated. Accordingly, none of the defendants are immune from suit under the "qualified immunity" doctrine with respect to plaintiff's remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that defendants' June 27, 2019 request for judicial notice is denied.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr0024.dis