UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL, | No. 2:18-cv-0024 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARREN, et al., | |
| Defendants. | |

On December 15, 2022, this action was dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. About six months later, on June 28, 2023, plaintiff filed a motion asking that defendants be ordered to pay plaintiff $1,050 pursuant to a settlement agreement. For the reasons which follow, the court recommends that the motion be denied.

I. Background

On March 14, 2022, the parties participated in a settlement conference and an agreement was reached. It was ordered that a stipulation of dismissal be filed within 90 days.

On June 8, 2022, defendants requested an extension of the deadline because plaintiff had not yet provided defendants with information necessary to complete settlement. The court granted an extension until September 8, 2022, to file the stipulation of dismissal.

On July 15, 2022, defendants attempted to serve correspondence and a draft settlement agreement for plaintiff's signature on plaintiff at his address at the California Health Care

1

Facility. The items were returned to defendants with a notation that plaintiff was no longer at the California Health Care Facility and was "out [to] court." ECF No. 70-1 at 2. As plaintiff appeared to have been transferred to a new facility, it was his obligation to inform the court of his new address within sixty-three days. L.R. 183; Fed. R. Civ. P. 83. No change of address notification was filed.

On September 1, 2022, defendants asked that this case be dismissed. Counsel for defendants indicated it was not possible to execute a written settlement agreement, which was one of the terms of settlement, because plaintiff could not be located. Because the terms of settlement could not be carried out, a stipulation of dismissal could not be filed. The motion was served upon plaintiff at the California Health Care Facility, ECF No. 70-1 at 3. Plaintiff did not file an opposition to the motion.

On October 4, 2022, the court recommended that this the motion to dismiss be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Specifically, the court found:

> A settlement conference was held in this matter on March 14, 2022 and the case was conditionally settled. One of the terms of settlement was the parties submit dismissal documents within 90 days. Counsel for the remaining defendants indicates they cannot locate plaintiff so dismissal documents cannot be filed. They ask that this matter be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Under that rule the court may dismiss if, among other things, the plaintiff fails to prosecute or fails to comply with a court order. Generally, a dismissal under Rule 41(b) "operates as an adjudication on the merits." After reviewing relevant parts of the record, the court finds dismissal with prejudice pursuant to Rule 41(b) appropriate.

On October 31, 2022, the court's October 4, 2022, findings and recommendations were returned to the court because plaintiff was still not at his address of record at the California Health Care Facility, and plaintiff had provided no new address.

On December 15, 2022, the district court judge assigned to this case adopted the court's October 4, 2022, findings and recommendations and this case was dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

II. No Jurisdiction to Enforce Settlement Agreement

Even assuming the settlement agreement entered on March 14, 2022, was not breached by plaintiff or is void, the court does not have any authority to enforce it in this action. In Kokkonen

2

v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994), the Supreme Court held that federal courts do not have jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. Id. A motion to enforce the settlement agreement is a separate dispute requiring its own basis for jurisdiction. Id. There is no independent basis for jurisdiction here, so the court has no authority to order defendants to pay plaintiff $1,050.

III. Vacate Judgment

A separate question not raised in plaintiff's motion, but at least suggested in plaintiff's reply brief, is whether plaintiff has shown cause for vacating the Rule 41(b) dismissal with prejudice. Generally speaking, a district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

In his reply brief, plaintiff confirms that he was transferred from the California Health Care Facility to the Sacramento County Jail on June 15, 2022 (ECF No. 82 at 3), before defendants attempted to serve plaintiff with the draft settlement agreement and before this court recommended this action be dismissed under Rule 41(b).

Plaintiff asserts in his reply brief that while at the Sacramento County Jail, he sent the court and defendants a notification of address change. The court has no record of receiving any address change until plaintiff filed the motion presently being addressed, and plaintiff does not indicate when any change of address was sent before judgment was entered.

All things considered, plaintiff has not shown that the dismissal of this action was the result of anything warranting judgment being vacated. Dismissal most likely occurred because neither the court nor defendants were privy to plaintiff's whereabouts even though plaintiff is required to keep the court apprised, and any suggestion that this was due to anything other than plaintiff's failure to timely submit a notice that he had been transferred to the Sacramento County Jail is not supported by the record.


1  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion that the court order defendants to pay plaintiff $1050 (ECF No. 76) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr0024.mte